UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AMIE RAYMOND<br><br>Plaintiff,<br><br>v.<br><br>BUFFALO CITY BAR & GRILLE, INC.<br>and DOREEN LEVY<br><br>Defendants. | Case No.:   8:18-CV-1619-T-33JSS |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS BUFFALO CITY BAR & GRILLE, INC. AND DOREEN LEVY, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(b)(1), or in the alternative, Rule 55(b)(2), of the Federal Rules of Civil Procedure, Plaintiff AMIE RAYMOND, moves for the entry of a Default Judgment for Plaintiff against Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY and in support thereof states and prays as follows:

1. This is an action to recover unpaid overtime compensation pursuant the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 216(b) (hereafter referred to as "FLSA"), and unpaid wages.

2. On July 5, 2018 Plaintiff AMIE RAYMOND filed the Complaint. *See* Docket No. 1.

3. On August 22, 2018 Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY were served (*See* Dockets No. 9 and 10). Therefore, Defendants' Answer to Complaint was due September 12, 2018.

4. Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY failed to serve a responsive pleading as required by Rule 12 of the Federal Rules of Civil Procedure. Therefore, Plaintiff filed a Motion for Clerk's Default against Defendants. *See* Docket No. 14.

5. The Clerk entered a Default against Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY on September 18, 2018. *See* Docket No. 15.

6. To date, Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY have not filed an answer or sought to set aside the entry of default.

7. Accordingly, Plaintiff AMIE RAYMOND hereby moves for entry of default judgment in her favor and against Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY for the amounts owed in overtime compensation, an equal amount as liquidated damages, and attorney fees.

**MEMORANDUM OF LAW**

Pursuant to Fed.R.Civ.P. 55(b)(1), "[if] the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed.R.Civ.P 55(b)(1).

Plaintiff's unpaid overtime wages can be made certain by computations attached in the affidavit hereto. Additionally, in the affidavit Plaintiff has established a *prima facie* case for failure to pay overtime compensation under the FLSA. To

establish a *prima facie* case of liability for unpaid overtime compensation under the FLSA, a plaintiff must demonstrate the following: a) that defendant employed him/her; 2) either (a) he/she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce; 3) he/she worked over forty (40) hours a week; and 4) defendant did not pay him/her all of the overtime wages. *See Morgan v. Family Dollar Stores*, Inc., 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008).

In the instant case, Plaintiff states that Defendants were engaged in commerce as defined by 29 U.S.C. § 203. (See Complaint, Docket No. 1 at ¶¶ 11 and 12). Defendants BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY were employers within the definition of the FLSA, 29 U.S.C. § 203. (Complaint, Docket No. 1 at ¶¶ 7, 9, and 14. *See also* Affidavit of Amie Raymond, Docket No. 18.1 at ¶¶ 3, 5, and 6).

Plaintiff AMIE RAYMOND was engaged in commerce and was an employee of Defendants from 2013 to April 2018. (Complaint, Docket No. 1 at ¶¶ 5, 6, and 15. *See also* Affidavit of Amie Raymond, Docket No. 18.1 at ¶¶ 3 and 10).

Plaintiff held bartender and manager positions at the time of separation but was not paid $455.00 per week for her work as manager and did not perform exempt duties as a bartender. (*See* Complaint, Docket No. 1 at ¶ 19. *See also* Affidavit of Amie Raymond, Docket No. 18.1 at ¶¶ 7, 8, 9, 10).

Plaintiff AMIE RAYMOND was paid $300.00 per week for her work as a manager. Plaintiff was paid $5.23 per hour for her work as a bartender (plus tips, at times). For her bartender work, Plaintiff averaged $200.00, per week. (*See*

Complaint, Docket No. 1 at ¶¶ 20 and 21. *See also* Affidavit of Amie Raymond, Docket No. 18.1 at ¶¶ 8 and 10). Plaintiff earned an estimated $500.00 a week between the bartender and manager positions. *See* Affidavit of Amie Raymond, Docket No. 18.1 at ¶ 11.

During her employment by Defendants, Plaintiff AMIE RAYMOND worked more than forty (40) hours per week. Specifically, Plaintiff worked an average of sixty (60) hours a week between the bartender and manager positions. *See* Complaint, Docket No. 1 at ¶ 24, and Affidavit of Amie Raymond, Docket No. 18.1 at ¶ 12.). Defendants failed to compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) hours per week. *See* Complaint, Docket No. 1 at. ¶ 31., and Affidavit of Amie Raymond, Docket No. 18.1 at ¶ 13).

Plaintiff 's statement under penalty of perjury details the amount of unpaid overtime compensation and liquidated damages, as follows:

> I am owed in $8,256.60 for uncompensated overtime, as calculated below. Additionally, an equal amount of liquidated damages for a total of $16,513.20.
>
> > $500 a week / 60 hours = $8.33 regular rate
> > $8.33 / 2 = $4.17 half rate
> > $4.17 half rate x 20 overtime hours x 99 weeks = $8,256.60
> > (Affidavit of Amie Raymond, Docket No. 18.1 at ¶ 14).

An additional element of Plaintiff's claim is the recovery of reasonable attorney's fees and costs. Plaintiff seeks fees totaling $2,360 (5.90 hours at $400.00 per hour)

The Fair Labor Standards Act authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce its provisions. See 29 U.S.C. §216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "[the] most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).  Counsel for prevailing plaintiffs should be paid as traditional attorneys are compensated by fee paying clients. See *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989).

Attached hereto is Exhibit 18.2 which includes a certification that Plaintiff's attorney has reviewed the firm's time records that are the supporting data for the declaration and that the hours claimed are reasonable. The undersigned expended a reasonable number of hours (5.90 hours) to prosecute Plaintiff's claims thus far.

WHEREFORE, Plaintiff AMIE RAYMOND moves for entry a default judgment under Fed.R.Civ.P. 55(b) against Defendant BUFFALO CITY BAR & GRILLE, INC. and DOREEN LEVY as follows: $16,513.20. for unpaid overtime compensation and liquidated damages for Plaintiff Amie Raymond, and $2,360 in attorney's fees.

Dated: September 25, 2018.

Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

**s/ Cynthia Gonzalez**
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff