UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMIE RAYMOND,

    Plaintiff,

v.    Case No. 8:18-cv-1619-T-33JSS

BUFFALO CITY BAR & GRILL, INC.,
ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Amended Motion for Entry of Final Default Judgment Against Defendants Buffalo City Bar & Grille, Inc. and Doreen Levy (Doc. # 21), which was filed on October 10, 2018. As explained below, the Court grants the Motion.

**I.**   **Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D.

Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II. Analysis**

Raymond worked as a bartender and manager at Buffalo City Bar & Grill in St. Petersburg, Florida from 2013 to 2018. (Doc. # 1 at ¶¶ 8, 18, 19). Levy "owned and/or operated" Buffalo City Bar & Grille, and Levy exercised day to day control over the facility, had personal and direct involvement in employment affairs, hired and fired employees (including Raymond), established work schedules, and otherwise controlled the terms of her employees' employment (including wages). (Id. at ¶ 9).

Raymond claims that she regularly worked over forty hours per week, but was not paid overtime. Accordingly, she filed a

two-count Complaint against Buffalo City Bar & Grill, Inc. and Doreen Levy on July 5, 2018. (Doc. # 1). She alleges Defendants violated the Fair Labor Standards Act in Count I and seeks unpaid wages under Florida common law in Count II. (Id.). Both Defendants were served on August 22, 2018. (Doc. # 9, 10).

Defendants failed to timely respond to the Complaint. On September 17, 2018, the Court entered an Order to Show Cause based on Raymond's failure to promptly apply to the Clerk for entry of default. (Doc. # 13). On that same day, Raymond applied to the Clerk for entry of default. (Doc. # 14). On September 18, 2018, the Clerk entered default against Defendants. (Doc. # 15). Raymond then filed her initial Motion for Entry of Default Judgment on September 25, 2018. (Doc. # 18). The Court denied that Motion without prejudice because it did not address the military status of the personally named Defendant, Doreen Levy. (Doc. # 19). The Court explained: "When a plaintiff such as Raymond seeks the entry of a default judgment against an individual person, such as Levy, the plaintiff must comply with the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 et seq." (Id.).

On October 10, 2018, Raymond renewed her Motion for Default Judgment and supplied an affidavit of non-military

service for Levy. (Doc. # 21). As explained below, and based upon the Clerk's Default and the well-pled factual allegations contained in the Complaint, Raymond has established that she is entitled to the damages sought.

**A. Damages**

The FLSA mandates that employees receive one and one-half times their regular rate of pay for all hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The purpose of the FLSA overtime provision is two-fold: "(1) to spread out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and (2) to compensate employees who for a variety of reasons worked overtime." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1256 n.4 (11th Cir. 2001). "Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime compensation . . . ." 29 U.S.C. § 216(b).

The Complaint contains sufficient allegations of Defendants' liability under the FLSA's overtime wages provisions. Because Defendants are in default, these allegations are deemed admitted.

Raymond filed an Affidavit in support of the damages she

4

seeks (Doc. # 21-1). In the Affidavit, Raymond claims she worked for Defendants from "2013 to April 13 or 15, 2018." (Id. at ¶ 3). She was a manager and a bartender. (Id. at ¶ 7). During that period, Raymond was not paid overtime. (Id. at ¶ 13). Raymond states in her affidavit that: (1) she earned $500.00 per week; (2) was paid at the hourly rate of $8.33; (3) she worked sixty hours per week; and (4) she is owed $8,256.60 for uncompensated overtime, plus an equal amount of liquidated damages. (Id. at ¶¶ 11-14).

In addition, Section 216(b) of the FLSA provides that an employee who is not paid overtime wages shall receive an amount equal to the unpaid overtime wages in liquidated damages. See, e.g., Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988). Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe its actions conformed with the FLSA's overtime provisions. Id.; see also, 29 U.S.C. § 260.

Defendants failed to contest Plaintiff's entitlement to unpaid overtime compensation, and they have not asserted that they acted in good faith or that they reasonably believed they complied with FLSA's overtime wages provisions. Thus, Plaintiff is entitled to receive $8,256.60 in liquidated

damages. In total, Plaintiff is entitled to $16,513.20 in damages.

### B. Attorney's Fees and Costs

Raymond is also entitled to an award of attorney's fees. 29 U.S.C. § 216(b). Her counsel, Cynthia Gonzalez, Esq. expended 5.90 hours at the hourly rate of $400, to arrive at the requested fee of $2,360. (Doc. # 21-2). The Court is afforded broad discretion in addressing attorney's fees and costs issues. Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001). Here, the Court finds that $2,360 in attorney's fees is reasonable and the Court approves the same. The Court further determines that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Amended Motion for Entry of Final Default Judgment Against Defendants Buffalo City Bar & Grille, Inc. and Doreen Levy (Doc. # 21) is **GRANTED.**

(2) The Clerk is directed to enter Default Judgment in favor of Plaintiff Amie Raymond and against Defendants Buffalo City Bar & Grille, Inc. and Doreen Levy in the amount of **$18,873.20** (consisting of $16,513.20 in damages and

$2,360.00 in attorney's fees).

(3) After entry of Judgment, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of October, 2018.

*(signature)*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE